## J. H. LIVINGSTON and WIFE v. E. D. LIVINGSTON et al.

DEED BY HUSBAND TO WIFE AND CHILDREN. A deed by a husband to his wife and children, which recites that it is made by the husband of the one part and his wife and children of the other part, and conveys land to the wife by name and his children, "their heirs and assigns forever," passes a present estate to the wife and the then living children as tenants in common.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

J. M. Trezevant for complainants.

Finlay & Peters for defendants.

Cooper, J., delivered the opinion of the court.

Bill for the partition of land, and to this end, for a sale of the land, if necessary. The land was conveyed by the complainant, J. H. Livingston by deed to his wife and children. At the time of the execution of the deed, the husband had by his wife two children living. He has since had by her two other children. All of these children are made defendants, and being minors are represented by a guardian *ad litem*. The chancellor was of opinion that the wife and the two children in existence when the deed was executed took the land as tenants in common, and that the complainants were entitled to partition. The two children born since the making of the conveyance appealed.

The instrument of conveyance starts out with the recital that it is made between J. H. Livingston of the one part, "and his wife, Mary W. Livingston, and his children," of the other part. It then undertakes, for the nominal consideration of one dollar, "and the love and affection he bears his said wife and children," to convey "unto the said Mary W. Livingston and his children, their heirs and assigns forever," the land, properly described, to have and to hold "to the said Mary W. Livingston and his children, their heirs and assigns forever," with the usual covenants "to his wife, Mary W. Livingston, and his children, as aforesaid."

29—VOL. 16.

This conveyance is plainly in *præsenti* to the grantor's wife and his then children, "their heirs and assigns forever," the words of grant being twice repeated in this form. It does not purport to give any interest to all the children of the marriage, so as to include afterborn children, and there is not the slightest intimation of such an intent. The language used has always been construed by this court, in accord with the authorities elsewhere, to pass a present estate to the mother and the living children as tenants in common: *Lillard* v. *Rucker*, 9 Yer., 64; *Seay* v. *Bacon*, 4 Sneed, 100; *Bearden* v. *Taylor*, 2 Cold., 134; *Grimes* v. *Orrand*, 2 Heis., 298; *Beecher* v. *Hicks*, 7 Lea, 207.

The chancellor's decree must be affirmed with costs, to be allowed eventually out of any fund derived from the land. The cause will be remanded for further proceedings.